Nieves, Petitioner, *v.* Foote, District Judge, Respondent.

### Petition for a Writ of Certiorari to the Judge of the District Court of Ponce.

No. 343.—Decided June 16, 1922.

Certiorari—Removal from Office—Injunction.—A commissioner of education having been removed from office by the municipal assembly, he brought certiorari proceedings to obtain the annulment of the resolution whereby he was removed, and while the proceeding was being prosecuted he moved for and obtained a writ of injunction directed to the assembly and the person appointed to substitute him, commanding them to abstain from disturbing him in the discharge of his duties as such commissioner. *Held:* That the court was without jurisdiction to issue an injunction regarding the right of the petitioner to the office, inasmuch as that was a question of law which must be decided as such, and therefore, an injunction, which is a remedy in equity, did not lie.

The facts are stated in the opinion.
*Mr. R. Arjona Siaca* for the petitioner.
*Messrs. D. Sepúlveda, J. Rosario Gelpí* and *L. Tormes* for the intervenors.

Mr. Justice Aldrey delivered the opinion of the court.

By a resolution of December 2, 1921, the Municipal Assembly of Guánica removed Clemente J. Rodríguez Carlo from his office of Commissioner of Public Instruction of the said municipality and three days thereafter the Council of Administration appointed Pedro Nieves to substitute him temporarily pending the approval or rejection of the said appointment by the Municipal Assembly. On December 12th the Municipal Assembly of the said municipality ordered the cancelation of the bond given by the dismissed official to

answer for the faithful discharge of his duties and author-
ized Pedro Nieves to give security as Commissioner of Public
Instruction, which office he had been holding since December
6th.

On December 15th Clemente J. Rodríguez Carlo filed in
the District Court of Ponce a petition for a writ of certiorari
against the Municipal Assembly of Guánica in order to secure
the annulment of the resolution which removed him from
the office of Commissioner of Public Instruction of that mu-
nicipality, and on January 4, 1922, judgment was rendered
declaring the said resolution void. From that judgment the
Municipal Assembly took an appeal which is pending.

Before the certiorari proceedings were disposed of Cle-
mente J. Rodríguez Carlo filed in the same district court on
December 28, 1921, a petition for an injunction against the
Municipal Assembly of Guánica and Pedro Nieves in which
he transcribed the petition in the certiorari proceedings to
which we have referred and after alleging that he had not
delivered his office to Pedro Nieves and that Nieves and the
Municipal Assembly intended to forestall the decision that
might be rendered in the certiorari proceedings which he
had instituted, prayed for an order restraining the respondents
from doing any act that might tend to prejudice him in his
rights as Commissioner of Public Instruction of Guánica or
disturb him in the discharge of his duties as such. On the
same day the district court, considering the petition for an
injunction and the petition for a writ of certiorari, granted
a restraining order forbidding the respondents from disturb-
ing the petitioner in the discharge of his duties as Commis-
sioner of Public Instruction of the municipality of Guánica
and set a day for the appearance of the respondents to show
cause why the injunction prayed for should not be granted.
On January 4, 1922, the respondents filed various pleadings
against the injunction proceedings and answered the petition.
On that day the petitioner also moved the court for a rule

against Pedro Nieves for contempt because of his refusal to deliver to him the key of the office of the Commissioner of Public Instruction of the municipality.   On January 13th Pedro Nieves appeared before the court in answer to a summons for contempt and the court only reprimanded him and ordered him to deliver the said key to Clemente J. Rodríguez Carlo on the following day.   Later, the petitioner having alleged that he had refused to deliver the key to him, Pedro Nieves was again ruled for contempt and at this juncture the proceedings were stayed because the record was brought up to this court by virtue of a writ of certiorari issued at the instance of Pedro Nieves.   The record in the injunction proceedings was accompanied by the record in the certiorari proceedings to which the former referred.

Section 65 of the Municipal Law which created the municipal assemblies conferred jurisdiction upon the district courts on motion of the aggrieved party to annul or review by writ of certiorari any legislative or administrative act of the municipal assembly which infringes the constitutional rights of the complainant or which is contrary to the Organic Act or the laws of Porto Rico, and that proceeding was instituted by Clemente J. Rodríguez Carlo to secure the annulment of the administrative resolution of the Municipal Assembly of Guánica which removed him from the office of Commissioner of Public Instruction of the said municipality and, consequently, his re-instatement as such Commissioner.

That proceeding having been brought for the decision of the said question in law, the lower court was without jurisdiction to grant an injunction, a remedy in equity, concerning the right of the petitioner to the public office, because by its nature that was a question of law and should be decided solely as a matter of law; therefore an injunction does not lie against an official or body having authority to remove to enjoin the removal of a public employee, nor against the person appointed in the place of the removed official to

prevent him from performing the duties of his office.    22 R. C. L. 454; Wood on Mandamus, 107.    Moreover, from the petition for an injunction it appears that the petitioner is not now the Commissioner of Public Instruction of Guánica pending a final decison of whether or not his removal was unlawful; therefore the injunction prayed for by him to enjoin the respondents from disturbing him as such commissioner should not have been granted, nor should the court have ordered that the person appointed to succeed him should allow him to act as such commissioner and deliver to him the key of the office.

For all of the foregoing reasons the said injunction does not lie and the proceedings should be set aside.

*Injunction set aside.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.